IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30508
Summary Calendar

_____

EDWARD R. GROSS, JR.,

Plaintiff-Appellant,

versus

TOGO WEST, Secretary, United States Department of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(D.C. No. 97-CV-3237-C)

_____

March 1, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Edward Gross appeals the district court's denial of his request for a writ of mandamus directing the Secretary of the Army to retroactively grant an increase in his service rating. We affirm.

The district court concluded that Gross could not demonstrate a clear right to the relief requested, which is a rating of GS-11 retroactive to the date of initial hiring, because the position he accepted with the Corps of Engineers was only offered to candidates with GS-5 or GS-7 ratings. The district court's conclusion is supported by evidence and is not clearly erroneous.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court also concluded that Gross failed to demonstrate the absence of another adequate remedy because Gross could have appealed his rating as soon as it was made. Gross testified that he was dissatisfied with his rating from the beginning of his employment, therefore the dismissal of his grievance as untimely was not erroneous. The district court concluded that the Corps was not equitably estopped from asserting the limitation preclusion because Gross did not show that the Corps purposefully misrepresented material facts. These conclusions are supported by evidence and are not clearly erroneous.

In addition to the grounds cited by the district court, Appellee argues that the Civil Service Reform Act provides the exclusive remedy for Gross and the exclusivity of this remedy precludes Mandamus. The CSRA provides the exclusive remedy for civil service employees seeking ratings changes, which precludes mandamus relief, Towers v. Horner, 791 F.2d 1244 (5th Cir. 1986), therefore mandamus was properly denied.

Because the findings of the district court are supported by evidence and the CSRA precludes mandamus relief, the district court did not abuse its discretion in refusing the writ of mandamus.

AFFIRMED